Lester BASS *v.* STATE of Arkansas

CA CR 83-54                                              657 S.W.2d 218

Court of Appeals of Arkansas
Division I
Opinion delivered September 28, 1983

*Robert F. Morehead,* for appellant.

*Steve Clark,* Atty. Gen., by: *Velda P. West,* Asst. Atty. Gen., for appellee.

JAMES R. COOPER, Judge. In this criminal case, the appellant was charged with driving while intoxicated in violation of Ark. Stat. Ann. § 75-1027 (Repl. 1979). The appellant pleaded guilty in municipal court and then appealed to the circuit court. In a non-jury trial, the appellant was convicted of his third offense of driving while

intoxicated and fined $1,000.00 plus court costs. A one year jail sentence was suspended. From that decision, comes this appeal.

The appellant argues that the trial court erred in refusing to grant the appellant's motion to rehear the case and set aside the verdict because the evidence was insufficient to sustain the conviction. The appellant contends that Officer Buddy Dowdy, the arresting officer, mistakenly identified the appellant as the drunk driver, when in fact it was the appellant's identical twin brother. However, we cannot reach the merits of this argument because of certain procedural irregularities which prevent this Court from retaining jurisdiction.

In the case at bar, the appellant pled guilty in Gould Municipal Court on March 4, 1982, to the charge of driving while intoxicated. The appellant then filed a notice of appeal to Lincoln County Circuit Court on September 22, 1982. The transcript was lodged with the circuit court on September 30, 1982. Although the appeal had previously been dismissed on May 25, 1982, a special judge later set the case for trial. On October 5, 1982, a non-jury trial was held and the appellant was convicted.

The fact that a plea of guilty was entered in municipal court does not prevent the appellant from perfecting an appeal to circuit court. Ark. Stat. Ann. § 44-502 (Repl. 1977). However, the appellant failed to timely file his notice of appeal. See Ark. Stat. Ann. § 26-1307; Rule 9, Inferior Court Rules; *Messina* v. *State,* 211 Ark. 1060, 204 S.W.2d 547. Both were filed over six months after the date of the municipal court judgment. The appellant argues that the bond which was filed within thirty days after the judgment was rendered served as the notice of appeal and his appeal should be considered timely. In *Barber* v. *Crabtree,* 214 Ark. 463, 217 S.W.2d 265 (1949), the Arkansas Supreme Court stated that the filing of an affidavit and appeal bond within the thirty days did not constitute substantial compliance with the requirements for taking an appeal from municipal court to circuit court. Although this was a civil case, we find the decision to be applicable to the instant case. Thus, since

the appeal to circuit court was untimely and the circuit court lacked jurisdiction to hear the case, this Court must dismiss the appeal. *See* Ark. Stat. Ann. § 43-2701 (Repl. 1977).

Appeal dismissed.

CLONINGER and GLAZE, JJ., agree.