Howard Randy BALDWIN *v.* STATE of Arkansas

CA CR 00-970                                    45 S.W.3d 412

Court of Appeals of Arkansas
Division I
Opinion delivered May 30, 2001

*David H. Williams*, for appellant.

*Mark Pryor*, Att'y Gen., by: *David R. Raupp, Sr.* Ass't Att'y Gen., for appellee.

TERRY CRABTREE, Judge. The appellant, Howard Randy Baldwin, appeals from an order of the Saline County Circuit Court granting the State's motion to vacate. By granting the motion to vacate, the circuit court reinstated the municipal court's conviction of appellant for driving while intoxicated and improper lane change. On appeal, appellant claims that the circuit court erred in granting the motion to vacate and finding that he failed to perfect his appeal from municipal court. We affirm.

On November 19, 1998, the Bryant Municipal Court convicted appellant of his offenses for driving while intoxicated and improper lane change. He purported to appeal those convictions by filing a notice of appeal and an appeal bond in circuit court. After a bench trial, the circuit court entered a judgment on December 15, 1999, finding appellant guilty of driving while intoxicated and improper lane change. He was sentenced to one day of jail time for the DWI, with credit for time served. On January 12, 2000, appellant filed a motion for new trial, claiming his counsel had been ineffective. On January 18, 2000, the State filed a response to the motion for new trial arguing that because appellant was not in custody, his ineffective-assistance claim could not be heard by circuit court.

On February 11, 2000, the circuit court entered a judgment stating that it had jurisdiction to consider appellant's new-trial motion and set a hearing date of March 27, 2000. Prior to the hearing, on February 23, 2000, the State filed a motion to vacate the December 15, 1999 judgment of guilt because appellant's municipal appeal was not perfected. On March 27, 2000, the circuit court held its previously scheduled hearing and found that appellant failed to perfect his municipal appeal. Accordingly, the circuit court granted the State's motion to vacate, thereby reinstating the munic-ipal-court conviction.

First, we recognize that the issue of jurisdiction is one that can be raised at any time, even for the first time on appeal. *Ibsen v. Plegge*, 341 Ark. 225, 15 S.W.3d 686 (2000). In this case, the State raised the issue of jurisdiction after the circuit court convicted appellant. In order for the circuit court to obtain jurisdiction, an appellant must comply with Arkansas Inferior Court Rule 9 (2000). *Lineberry v. State*, 322 Ark. 84, 907 S.W.2d 705 (1995). It governs appeals from municipal court to circuit court and requires that such appeals be filed within thirty days of the entry of the judgment by filing a record of the inferior court proceedings with the clerk of the circuit court. Under this rule, a filing of a notice of appeal is not required in an appeal from municipal court to circuit court. *Ottens v. State*, 316, Ark. 1, 871 S.W.2d 329 (1994). In fact, merely filing such a notice of appeal within thirty days of the municipal court judgment does not suffice to perfect the appeal. *Id*.

Appellant has the burden of requesting the clerk to prepare and certify the record of the inferior court proceedings. *Id*. Appel-lant is also charged with the responsibility of filing said record in the office of the circuit clerk. Inferior Ct. R. 9(b). Otherwise, appellant must file an affidavit in the office of the circuit court clerk showing that he has requested the clerk of the inferior court to prepare and certify the record for purposes of appeal and that the clerk has neglected to prepare and certify such record for purposes of appeal. *Id*. Failure to do so precludes the circuit court from having jurisdic-tion over the appeal. *Pace v. Castleberry*, 68 Ark. App. 342, 7 S.W.3d 347 (1999).

We do not believe that the appeal bond signed by the munici-pal judge and filed by appellant is sufficient to perfect appellant's municipal appeal. Appellant maintains that his appeal bond con-tained the same information as the transcript. Even if it did, the appeal bond cannot serve as a replacement of the record. Appellant

simply failed to file either the transcript or the affidavit required by Rule 9.

■ Appellant argues that his efforts amount to substantial compliance. This argument was also made in *Pace*, and we rejected it. Arkansas Inferior Court Rule 9 is clear. It provides that appellant must either actually lodge the record in the circuit court, or file an affidavit with the circuit court clerk stating that he has requested the inferior court clerk to prepare the record and the clerk has neglected to prepare and certify that record for purposes of appeal.

■ As we stated in *Pace*, we are unable to dismiss the clear language of Rule 9. We hold that appellant failed to comply with the rule by only filing a notice of appeal and an appeal bond signed by the municipal judge.

Affirmed.

STROUD, C.J., and HART, J., agree.