Steven R. VELEK and David J. Velek  *v.*  STATE of Arkansas
(City of Little Rock)

CR 05-783                                          222 S.W.3d 182

Supreme Court of Arkansas
Opinion delivered January 12, 2006

*William J. Velek*, for appellants.

*Office of the City Attorney*, by: *Heidi M. Massey*, for appellee.

Tom Glaze, Justice. On November 11, 2004, appellants Steven Velek and David Velek were found guilty of

violating Little Rock City Code Section 20-2 in Little Rock District Court. The district court assessed a fine of $500 and imposed an appeal bond of $500 (cash or surety) for each defendant. Both Veleks filed separate notices of appeal on December 10, 2004. However, when the Veleks sought the record of the district court proceedings from the district court clerk, the clerk informed the Veleks that she would not release the record until the $500 appeal bonds were paid. In response, the Veleks filed an affidavit in Pulaski County Circuit Court on December 10, 2004, asserting that the clerk refused to provide the record, and contending that the posting of an appeal bond was not a jurisdictional prerequisite to appeal under District Court Rule 9.

The City of Little Rock then filed a motion to dismiss the Veleks' appeal, arguing that the circuit court lacked jurisdiction over the appeal because the Veleks had failed to comply with Rule 9's requirement of filing a certified copy of the lower court proceedings, and that the affidavit the Veleks filed was improper because it did not specifically state that they had requested that the record be prepared and the request had been refused.

On March 22, 2005, the circuit court granted the City's motion to dismiss the Veleks' appeal to circuit court. In that order, the circuit court found that the Veleks were each ordered to post a $500 appeal bond before the record of the district court proceedings would be released so that they could perfect their appeal to the circuit court. Further, the circuit court noted that the Veleks had attempted to obtain the record from the district court clerk without paying the appeal bond. The circuit court continued as follows:

> When defense counsel was informed that he would be required to post the appeal bond as ordered by the district judge, he proceeded to file an affidavit stating that he was refused by the court clerk below.

> The bond set for appeal by the [district court] judge below is a valid fee authorized by law for release of the inferior court record in this matter, which [the Veleks] did not post.

> This court does not have jurisdiction over this case, as [the Veleks] have failed to post the required appeal bond with the district court in a timely manner.

> *As posting an appeal bond in this matter is to be construed as jurisdictional in nature,* the appeal is dismissed, and the case remanded to the district court for execution of judgment.

(Emphasis added.) The Veleks filed a timely notice of appeal to this court from the circuit court's order, and they continue to argue, as they did below, that the posting of an appeal bond is not a jurisdictional prerequisite to perfecting a criminal appeal from district court to circuit court.

This case requires our interpretation of Arkansas District Court Rule 9. In doing so, this court has held that we construe court rules using the same means, including canons of construction, as are used to construe statutes. *Barnett v. Howard*, 353 Ark. 756, 120 S.W.3d 564 (2003); *NCS Healthcare, Ark., Inc. v. W.P. Malone, Inc.*, 350 Ark. 520, 88 S.W.3d 852 (2003). We review issues of statutory construction *de novo*, as it is for us to decide what a statute means. *Hodges v. Huckabee*, 338 Ark. 454, 995 S.W.2d 341 (1999).

District Court Rule 9 provides, in relevant part, as follows:

> (b) How Taken. An appeal from a district court to the circuit court shall be taken by filing a record of the proceedings had in the district court. Neither a notice of appeal nor an order granting an appeal shall be required. It shall be the duty of the clerk to prepare and certify such record when requested by the appellant and *upon payment of any fees authorized by law therefor.* The appellant shall have the responsibility of filing such record in the office of the circuit clerk.

> . . . .

> (d) Supersedeas Bond. *Whenever an appellant entitled thereto desires a stay on appeal to circuit court in a civil case, he shall present to the district court for its approval a supersedeas bond which shall have such surety or sureties as the court requires.* The bond shall be to the effect that appellant shall pay to appellee all costs and damages that shall be affirmed against appellant on appeal; or if appellant fails to prosecute the appeal to a final conclusion, or if such appeal shall for any cause be dismissed, that appellant shall satisfy and perform the judgment, decree, or order of the inferior court. All proceedings in the district court shall be stayed from and after the date of the court's order approving the supersedeas bond.

(Emphasis added.) Although the rule speaks specifically of "appeal[s] to circuit court in civil cases," this court has held that Rule 9 provides

the appropriate procedure in criminal appeals, as well.[1] *See Clark v. State*, 362 Ark. 545, 210 S.W.3d 59 (2005); *Bocksnick v. City of London*, 308 Ark. 599, 825 S.W.2d 267 (1992); *Edwards v. City of Conway*, 300 Ark. 135, 777 S.W.2d 583 (1989) (appeal from conviction for hunting within a closed zone); *McBride v. State*, 297 Ark. 410, 762 S.W.2d 785 (1989) (DWI appeal).

In the circuit court, the City of Little Rock argued that the requirement of the payment of an appeal bond was a "fee authorized by law," pursuant to Rule 9(b), that had to be paid before the clerk could provide the Veleks with the transcript of the district court proceedings. On appeal, the Veleks argue that a "bond" is not the same as a "fee," and that the trial court erred in concluding that the bond was a jurisdictional prerequisite to appealing.

■ The plain language of Rule 9 does not require the posting of an appeal bond; indeed, the Reporter's Notes to Rule 9 comment that the requirement of an appeal bond was abolished with the passage of Rule 9.[2] The Note to Rule 9 provides as follows:

> While Rule 9 does not change prior Arkansas law concerning the time for taking an appeal from an inferior court to circuit court, it does change prior procedures for taking an appeal. Section (b) removes the requirement found in superseded Ark. Stat. Ann. § 26-1302 (Repl. 1962) that the appellant file an affidavit that the appeal was not taken for purposes of delay. *Also abolished is the requirement found in superseded Ark. Stat. Ann. § 26-1302(3) (Repl. 1962) that a bond be posted as a condition precedent for an appeal.* Since such a bond is not required for an appeal from any other court in Arkansas, it was deemed unnecessary under these rules, particularly since appeals from inferior courts are tried *de novo*.

(Emphasis added.)

---

[1] Although criminal appeals from district court to circuit court are presently governed by Rule 9, the Supreme Court Committee on Criminal Practice has proposed the adoption of a new rule to address criminal appeals from district court to circuit court. *See In Re: Rules of Criminal Procedure*, 362 Ark. Appx. 663 (2005). The committee recommends proposed Rule 36 to serve as a comprehensive procedure governing appeals from limited jurisdiction courts to circuit courts.

[2] Of course, the Reporter's Notes are not precedent, but this court has held that they may offer some guidance as to a rule's meaning. *See Green v. Mills*, 339 Ark. 200, 4 S.W.3d 492 (1999).

The City of Little Rock has failed to mention or address this language from Rule 9 and the Rule's accompanying Reporter's Notes. Instead, it asserts that it is "common practice to set an appeal bond," and that there have been numerous appeals to circuit court in criminal cases in which an appeal bond has been set by the inferior court and satisfied by the appealing party. *See Lowe v. State*, 300 Ark. 106, 776 S.W.2d 822 (1989); *McBride v. State*, *supra*; *Baldwin v. State* 74 Ark. App. 69, 45 S.W.3d 412 (2001); *Worley v. State*, 71 Ark. App. 80, 26 S.W.3d 142 (2000); *Bass v. State*, 9 Ark. App. 211, 657 S.W.2d 218 (1983). However, none of these cases holds that the filing of an appeal bond is a jurisdictional prerequisite for perfecting an appeal from district court to circuit court; rather, they simply point out that, among the other facts of the case, an appeal bond was posted.

It is true that the District Court Rules are mandatory and jurisdictional, and that failure to comply with those rules mandates dismissal of an appeal. *See J & M Mobile Homes, Inc. v. Hampton*, 347 Ark. 126, 60 S.W.3d 481 (2001) (requiring strict compliance with Rule 9); *Pike Avenue Dev. Co. v. Pulaski County*, 343 Ark. 338, 37 S.W.3d 177 (2001); *Pace v. Castleberry*, 68 Ark. App. 342, 7 S.W.3d 347 (1999) (Rule 9's thirty-day limit for filing an appeal is both mandatory and jurisdictional, and the failure to either file the record with the clerk or file an affidavit showing the record has been requested from the clerk within those thirty days precludes the circuit court from having jurisdiction over the appeal).

However, nothing in the plain language of Rule 9 requires a party desiring to appeal from district court to circuit court to post an appeal bond before the circuit court will acquire jurisdiction over the appeal. Rather, for the circuit court to acquire jurisdiction, an appellant must file a record of the proceedings in district court within thirty days of the date of the entry of judgment in the district court, *see* Rule 9(b), or must file an affidavit within that same time showing that he has requested the clerk of the district court to prepare and certify the record and that the clerk has neglected to do so. *See* Rule 9(c). The filing of a bond under Rule 9(d) is simply not a jurisdictional prerequisite; however, even if it were, a supersedeas bond is not the same thing as an appeal bond.[3] *See Gober v. Daniels*, 295 Ark. 199, 200-01, 748 S.W.2d 29, 30

[3] A district court has several tools available to it to ensure payment of a fine. Under Ark. Code Ann. § 16-13-702 (Repl. 1999), when a court imposes a fine, it shall inform the defendant that the fine is due immediately. § 16-13-702(a)(2). The court may allow the

(1988) (explaining that there is a "marked difference between the purpose of supersedeas, which is to stay the effect of the judgment, and those bonds which operate to guarantee the appearance of the person").

In this case, the circuit court found that it "[did] not have jurisdiction over this case, as Defendants have failed to post the required appeal bond with the district court in a timely manner." In addition, the court found that "posting an appeal bond . . . is to be construed as jurisdictional in nature[.]" These conclusions by the trial court were clearly incorrect for the reasons set out above.

This court still must consider, however, whether the Veleks perfected their appeal pursuant to Rule 9. Because they plainly did not file a record of the district court proceedings with the office of the circuit court clerk, in order to have perfected their appeal, they must have filed an affidavit pursuant to Rule 9(c) in which they "show[ed] that [they have] requested the clerk of the district court . . . to prepare and certify the records thereof for purposes of appeal and that the clerk . . . has neglected to prepare and certify such records for purposes of appeal." An affidavit under Rule 9(c) is meant to be used "[w]hen the clerk of the district court . . . neglects or refuses to prepare and certify a record for filing in circuit court."

The Veleks filed an affidavit on Friday, December 10, 2004, the twenty-ninth day after the date on which the district court entered its judgment. In this affidavit, the Veleks asserted that they delivered to and filed with the Little Rock District Court Clerk, Amanda Robinson, a notice of appeal and designation of record. At that time, Robinson informed the Veleks that the City "has a policy of requiring three business days' notice before [it] will prepare such a transcript." Robinson further advised the Veleks that, if the transcript could be prepared by Monday, December 13,

---

defendant a period of time to pay the fine, § 16-13-702(a)(3), and if the defendant does not appear and pay the fine as directed at that time, the court may issue an order of arrest. § 16-13-702(a)(4)(A)(i). In addition, a court can imprison a defendant for nonpayment. Ark. Code Ann. § 16-13-703(a) (Repl. 1999). The court may also authorize the payment of a fine in installment payments. Ark. Code Ann. § 16-13-704(a)(1) (Repl. 1999). A defendant may pay a fine by personal check, Ark. Code Ann. § 16-13-705 (Repl. 1999), or by credit card, Ark. Code Ann. § 16-13-706 (Repl. 1999); if he defaults, the court may collect the fine "by any means authorized for the enforcement of money judgments in civil actions." Ark. Code Ann. § 16-13-707(a) (Repl. 1999). However, none of these statutes authorize a district court to demand payment of the fine as a prerequisite for taking an appeal to circuit court.

2004 (the deadline for filing an appeal, as the thirtieth day fell on a Saturday), it would be late in the day. In their affidavit, the Veleks asserted that they offered to pay in advance the costs for preparing the transcript, and Robinson informed them that the cost would be $1000, or the $500 bond for each defendant. Robinson referred to this amount as the supersedeas bond the defendants were "required" to post. After the Veleks objected that a supersedeas bond was *not* required under Rule 9, Robinson told them that she would not provide the transcript until the bonds were paid.

■ The City of Little Rock asserts that the Veleks failed to file a "proper affidavit stating that the district court clerk neglected or refused to prepare and certify a record for filing in circuit court." The City relies on *Pace v. Castleberry, supra,* in support of this contention. However, in *Pace,* the affidavit stated only the following: "I am the attorney for the Defendant in the above matter. . . . I have on this day requested the Municipal Clerk of Bradley County, Arkansas, to prepare and certify the records of the inferior court proceeding herein for appeal. I make this statement pursuant to Arkansas Inferior Court Rule 9." *Pace,* 68 Ark. App. at 344. Clearly, in *Pace,* there was no statement that the clerk had neglected or refused to certify the record. In the present case, however, the affidavit plainly states that Robinson "specifically and expressly informed me that she would *not* provide me with the necessary transcript required for an appeal unless and until the $500 bond was first paid." (Emphasis in original.) Although the Veleks did not use the exact words, "the clerk refused to prepare and certify the record," to require a defendant's affidavit to quote the Rule's language exactly in this instance would be to exalt form over substance. *See Romes v. State,* 356 Ark. 26, 144 S.W.3d 750 (2004) (rejecting argument that, simply because the word "continuance" was not used by counsel, the court should not consider this period as a delay requested by the defendant for purposes of speedy trial; clearly, a comment that counsel would "probably . . . need more time to prepare" was a request to continue the trial date, and to hold otherwise would be placing form over substance).

In sum, the Veleks complied with Rule 9(c) by filing an affidavit before the thirtieth day after the date of the district court's judgment; the trial court erred in dismissing the Veleks' appeal.