## IN RE: ADOPTION of RULE 36 of
## THE ARKANSAS RULES of CRIMINAL PROCEDURE

Supreme Court of Arkansas
Opinion delivered May 11, 2006

Pᴇʀ Cᴜʀɪᴀᴍ. The Supreme Court Committee on Criminal Practice proposed the adoption of a new rule to address criminal appeals from district court to circuit court, and the proposal was published for comment. *See In Re: Rules of Criminal Procedure*, 362 Ark. Appx. 663 (2005). A number of comments were received, and the rule was referred back to the committee for further consideration. The committee has made several changes to the original proposal and has again submitted its work to the court and recommended the rule's adoption.

Proposed Rule 36 is intended to serve as a comprehensive procedure governing criminal appeals from limited jurisdiction courts to circuit courts. Such appeals are currently governed by District Court Rule 9, which generally is a rule for civil actions. The rule attempts to codify existing practice as reflected in District Court Rule 9 and statutes. Highlights of the changes in the rule from the proposal published in 2005 include the following:

— 36(c). Clarification that request for the record is filed with the district court clerk and service is made on the prosecuting attorney.

— 36(d). Addition of 10 days to file affidavit when district court clerk fails to prepare and certify the record and clarification that circuit court acquires jurisdiction upon filing of the affidavit. *Velek v. State (City of Little Rock)*, 364 Ark. 531, 222 S.W.3d 182 (2006).

— 36(e). Term "supersedeas" is deleted and clarification that appearance bond stays the imposition of the judgment imposed by the district court.

These changes and the rule itself are further explained in the accompanying Reporter's Notes.

We have reviewed the committee's revisions and the rule as a whole. We thank the committee for its work, and the judges and

lawyers who reviewed the proposal and submitted comments. We are in agreement with the committee's recommendation and adopt Rule 36 as published below to be effective June 1, 2006.

## Rule 36. Appeals from District Court to Circuit Court.

(a) *Right to Appeal.* A person convicted of a criminal offense in a district court, including a person convicted upon a plea of guilty, may appeal the judgment of conviction to the circuit court for the judicial district in which the conviction occurred. The state shall have no right of appeal from a judgment of a district court.

(b) *Time for Taking Appeal.* An appeal from a district court to the circuit court shall be filed in the office of the clerk of the circuit court having jurisdiction of the appeal within thirty (30) days from the date of the entry of the judgment in the district court. The 30-day period is not extended by the filing of a post-trial motion under Rule 33.3.

(c) *How Taken.* An appeal from a district court to circuit court shall be taken by filing with the clerk of the circuit court a record of the proceedings in the district court. Neither a notice of appeal nor an order granting an appeal shall be required. It shall be the duty of the clerk of the district court to prepare and certify such record when the defendant files a written request to that effect with the clerk of the district court and pays any fees of the district court authorized by law therefor. The defendant shall serve a copy of the written request on the prosecuting attorney for the judicial district and shall file a certificate of such service with the district court. The defendant shall have the responsibility of filing the certified record in the office of the circuit clerk. The record shall include any bond or other security filed by the defendant to guarantee the defendant's appearance before the circuit court. Except as otherwise provided in subsection (d) of this rule, the circuit court shall acquire jurisdiction of the appeal upon the filing of the certified record in the office of the circuit clerk.

(d) *Failure of clerk to file record.* If the clerk of the district court does not prepare and certify a record for filing in the circuit court in a timely manner, the defendant may take an appeal by filing an affidavit in the office of the circuit clerk, within forty (40) days from the date of the entry of the judgment in the district court, showing (i) that the defendant has requested the clerk of the district court to prepare and certify the record for purposes of appeal and (ii) that the clerk has not done so within thirty (30) days from the date of the entry of the judgment in the district court. The defendant shall promptly serve a

copy of such affidavit upon the clerk of the district court and upon the prosecuting attorney. The circuit court shall acquire jurisdiction of the appeal upon the filing of the affidavit. On motion of the defendant or the prosecuting attorney, the circuit court may order the clerk of the district court to prepare, certify, and file a record in the circuit court.

(e) *Bond.* When an appeal is taken from a district court to circuit court, the district court may require the defendant to post a bond or other security to guarantee the appearance of the defendant before the circuit court, provided that an appearance bond originally posted with the district court to guarantee the appearance of the defendant before that court shall serve to guarantee the appearance of the defendant before the circuit court on appeal. The approval of the bond or other security to guarantee the appearance of the defendant before the circuit court shall stay the imposition of the judgment imposed by the district court. The clerk of the district court shall transmit any bond or other security to the circuit court. The failure of the defendant to post a bond or other security with the district court shall not prevent the circuit court from acquiring jurisdiction of the appeal. After acquiring jurisdiction of the appeal, the circuit court may modify the bond or other security.

(f) *Notice.* When the record of the proceeding in the district court is filed in the office of the circuit clerk, the circuit clerk shall promptly give written notice thereof to the prosecuting attorney and to the circuit judge to whom the appeal is assigned.

(g) *Trial De Novo.* An appeal from a judgment of conviction in a district court shall be tried *de novo* in the circuit court as if no judgment had been rendered in the district court.

(h) *Default Judgment.* The circuit court may affirm the judgment of the district court if (i) the defendant fails to appear in circuit court when the case is set for trial; or (ii) the clerk of the district court fails to prepare and certify a record for filing in the circuit court as provided in subsection (c) of this rule and the defendant fails to move the circuit court for an order to compel the filing of the record within thirty (30) days after filing the affidavit provided in subsection (d) of this rule.

(i) *District court without clerk.* If a district court has no clerk, any reference in this rule to the clerk of a district court shall be deemed to refer to the judge of the district court.

**Reporter's Notes**

Prior to the adoption of Rule 36 appeals from limited jurisdiction courts to circuit court were governed by District Court Rule 9 (formerly Inferior Court Rule 9) and various statutory provisions in Title 16, Chapter 9, Subchapter 5. Although District Court Rule 1 limited the scope of the rules to "civil actions in district courts and county courts," the Supreme Court ruled that District Court Rule 9 also governed criminal appeals. *Bocksnick v. City of London*, 308 Ark. 599, 825 S.W.2d 267 (1992).

Subsection (a) incorporates Ark. Code Ann. § 16-96-501 (shown as superseded) and Arkansas Code Ann. § 16-96-502 (repealed in 2005). See, also, Amendment 80, § 7(A) of the Arkansas Constitution, which establishes district courts as trial courts of limited jurisdiction, subject to the right of appeal to circuit court.

Subsection (b) substantially restates District Court Rule 9(a).

Subsection (c) is based on District Court Rule 9(b). Because appearance bonds are unique to criminal appeals, the sentence requiring the record to include any bond or other security to guarantee the defendant's appearance in circuit court is not found in District Court Rule 9(b). Ark. Code Ann. § 16-96-505, which describes the transcript in a criminal case, was not included in this subsection because § 16-96-505 is shown as superseded by the Code Revision Commission.

Subsection (d) is based on District Court Rule 9(c). A defendant has two ways to perfect an appeal from district court to circuit court. The usual method will be to file the certified record with the circuit court, as described in subsection (c). Alternatively, if the district court clerk does not prepare and certify the district court record, the defendant can vest the circuit court with jurisdiction by filing the affidavit described in subsection (d). *Velek v. State (City of Little Rock)*, 364 Ark. 531, 222 S.W.3d 182 (2006). If the district court record is not filed within thirty days but is filed within forty days, the circuit court does not acquire jurisdiction of the appeal unless the defendant also files an affidavit to the effect that the record was requested but not prepared and certified within thirty days by the district court clerk.

Subsection (e) is derived from District Court Rule 9(d) and repealed Ark. Code Ann. § 16-96-504. The sentence providing that an appearance bond posted with the district court shall serve to guarantee the appearance of the defendant before the circuit court is consistent with Arkansas Rule of Criminal Procedure 9.2(e). The next to last sentence of the subsection codifies the holding of *Velek, supra*. In that case the Supreme Court ruled that the circuit court acquired jurisdiction upon filing of the affidavit described in subsection (d) even though the district court clerk refused to prepare the record because the defendant failed to post an appeal bond.

Subsection (f) ensures that both the prosecuting attorney and the circuit judge are aware that an appeal to circuit court has been filed and should reduce the number of cases in which the defendant fails to receive the speedy trial required by Arkansas Rule of Criminal Procedure 28. There is nothing comparable to this subsection in current law.

Subsection (g)'s provision for *de novo* review of a district court judgment on appeal to circuit court is required by Amendment 80, § 7(A) of the Arkansas Constitution. See, also, Ark. Code Ann. § 16-96-507.

Subsection (h) is based loosely on Ark. Code Ann. § 16-96-508. The collection and disposition of fines, penalties, forfeitures, or costs in the event of a default judgment in circuit court will continue to be governed by Ark. Code Ann. § 16-96-403.