# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–14–25

| | |
|---|---|
| MOTOR CARS OF NASHVILLE, INC.<br>APPELLANT | Opinion Delivered August 27, 2014 |
| | APPEAL FROM THE POPE COUNTY<br>CIRCUIT COURT |
| V. | [NO. CV-2013-253] |
| | HONORABLE DENNIS C.<br>SUTTERFIELD, JUDGE |
| CHRIS ROY CHRONISTER<br>APPELLEE | APPEAL DISMISSED |

## PHILLIP T. WHITEAKER, Judge

This case involves a dispute over the attempted purchase of a car and the interpretation of District Court Rule 9. Appellant Motor Cars of Nashville, Inc., appeals the order of the Pope County Circuit Court granting appellee Chris Chronister's motion to dismiss Motor Cars's appeal from Pope County District Court. At issue on appeal is whether the circuit court correctly required strict compliance with District Court Rule 9, which governs appeals from district court to circuit court. We find no error and dismiss the appeal.

Chronister attempted to purchase a car from Motor Cars on eBay; Motor Cars, however, sold the car to another bidder despite having asserted to Chronister that he could purchase the car for a given price. Chronister then filed suit against Motor Cars in Pope County District Court. The district court set the matter for trial, but the trial was continued

at the request of Motor Cars. Motor Cars subsequently sought a second continuance, asserting

that its corporate representative was out of the country and unavailable to appear at trial. The

district court denied this second motion for continuance, and the trial remained on the

docket. Prior to the trial, however, the parties both signed a consent judgment whereby

Motor Cars agreed to pay Chronister $9,620, plus attorney's fees and costs.

Motor Cars then attempted to appeal the district-court case to Pope County Circuit

Court by filing a certified copy of the district-court docket sheet in circuit court. Although

it filed the certified docket sheet, Motor Cars did not serve it on Chronister or his attorney

by any form of mail that required a signed receipt. Because of the method of service,

Chronister filed a motion to dismiss the appeal in circuit court.[1] After a hearing, the circuit

court granted Chronister's motion to dismiss.

At issue in this appeal is the interpretation of Arkansas District Court Rule 9(b). That

rule sets out the means by which an appeal is taken from district court. At the time Motor

Cars attempted to take its appeal, the rule provided as follows:

> A party may take an appeal from a district court by filing a certified copy of the
> district court's docket sheet, which shows the awarding of judgment and all prior
> entries, with the clerk of the circuit court having jurisdiction over the matter. Neither
> a notice of appeal nor an order granting leave to appeal shall be required. *The appealing
> party shall serve a copy of the certified docket sheet upon counsel for all other parties, and any
> party proceeding pro se, by any form of mail that requires a signed receipt.*

---

[1]Simultaneously with the filing of his motion to dismiss, Chronister also re-filed his
complaint against Motor Cars in Pope County Circuit Court "out of an abundance of
caution." In an amended motion to dismiss, Chronister also alleged, in addition to Motor
Cars's failure to strictly comply with Rule 9(b), that the parties' consent judgment estopped
Motor Cars from appealing the matter to circuit court.



(Emphasis added.)[2]

We review issues of statutory construction de novo, as it is for this court to determine what a statute or rule means. *Johnson v. Dawson*, 2010 Ark. 308, at 5, 365 S.W.3d 913, 916. In this respect, we are not bound by the circuit court's decision; however, in the absence of a showing that the circuit court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Id*. Moreover, we construe court rules using the same means and canons of construction used to interpret statutes. *Id*. at 4, 365 S.W.3d at 915. The basic rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words the ordinary and usually accepted meaning in common language. *Id*. When the language is plain and unambiguous, there is no need to resort to rules of statutory construction, and the analysis need go no further. *Id*. at 4–5, 365 S.W.3d at 916. When a statute is ambiguous, however, we must interpret it according to the legislative intent, and our review becomes an examination of the whole act. *Id*. at 5, 365 S.W.3d at 916. We reconcile provisions to make them consistent, harmonious, and sensible in an effort to give effect to every part. *Id*.

As noted above, the service provision of Rule 9(b) is specifically at issue in this case. Motor Cars argues that "mailing in a particular form is not a jurisdictional requirement" for

---

[2]District Court Rule 9 was amended, effective July 1, 2014. *In re Amendments to Rules of Civil Procedure; Rules of the Supreme Court; Rules of Appellate Procedure–Civil; District Court Rules; and Administrative Orders*, 2014 Ark. 119 (per curiam). Motor Cars filed the certified copy of the district court docket sheet with the Pope County Circuit Court on August 23, 2013, and served Chronister on September 16, 2013, well prior to the amendment to the rule.

perfecting an appeal from district court to circuit court. In support, it cites the Reporter's

Notes to the 2008 amendment to Rule 9, which state that the rule was amended "to

eliminate several points of confusion and difficulty" in order to make it simpler to perfect an

appeal from district court to circuit court.[3] Motor Cars further cites the following portion of

the Reporter's Notes:

> To ensure notice of the appeal to opposing parties, the appealing party must serve the docket sheet on all other parties by some form of mail that generates a signed receipt. This provision echoes the requirements of Arkansas Rule of Appellate Procedure–Civ. 3(f) about serving a notice of appeal. Rule of Civil Procedure 4 does not apply and service of process is not required.

Based on the language about "echoing" Rule 3(f), Motor Cars asserts that its failure to serve

a copy of the docket sheet on Chronister or his counsel "by any form of mail that requires a

signed receipt" is not fatal to its appeal. We disagree for two reasons: first, Rule 3(f) is

different from Rule 9(b); and second, decisions from both our supreme court and this court

require strict compliance with Rule 9(b).

We begin by noting that the language in Rule 3(f) is markedly distinguishable from

that in Rule 9(b). Rule 3(f) provides as follows:

> A copy of the notice of appeal or cross-appeal shall be served by counsel for appellant or cross-appellant upon counsel for all other parties by any form of mail which requires a signed receipt. If a party is not represented by counsel, notice shall be mailed to such party at his last known address. *Failure to serve notice shall not affect the validity of the appeal.*

---

[3]*See McNabb v. State*, 367 Ark. 93, 238 S.W.3d 119 (2006).

(Emphasis added.) As emphasized, Rule 3(f) specifically provides that failure to serve a copy of the notice of appeal from a circuit court ruling does not affect the validity of the appeal. Rule 9(b), governing appeals from district court, contains no such language.

Moreover, the appellate courts have been resolute in holding that the provisions of Rule 9(b) are jurisdictional, that strict compliance with that rule is necessary, and that "substantial compliance will not suffice." *Johnson*, 2010 Ark. 308, at 8, 365 S.W.3d at 917; *see also Duffy v. Little*, 2011 Ark. 160; *Ingram v. City of Pine Bluff*, 355 Ark. 129, 133 S.W.3d 382 (2003); *Clark v. Pine Bluff Civ. Serv. Comm'n*, 353 Ark. 810, 120 S.W.3d 541 (2003); *J&M Mobile Homes, Inc. v. Hampton*, 347 Ark. 126, 60 S.W.3d 481 (2001); *Baldwin v. State*, 74 Ark. App. 69, 45 S.W.3d 412 (2001) (specifically rejecting a "substantial compliance" approach to Rule 9 appeals).

In *Howard v. Arkansas Cama Technology*, 2012 Ark. App. 567, this court held that the Howards failed to perfect their appeal to circuit court and affirmed the circuit court's order dismissing their appeal. In *Howard*, the defect in the appeal to the circuit court was the Howards' failure to serve a certified copy of their notice of appeal upon counsel for all other parties.[4] *Howard*, 2012 Ark. App. 567, at 1–2. On appeal, as in the instant case, the Howards cited the Reporter's Notes' reference to Arkansas Rule of Appellate Procedure–Civil 3(f), arguing that the failure to serve notice shall not affect the validity of the appeal. *Id.* at 3. This court rejected their arguments, writing as follows:

---

[4]As noted above, the rule requires that the appealing party "shall serve a copy of the certified docket sheet upon counsel for all parties." In *Howard*, the notice of the appeal was sent directly to the parties.

Our supreme court has been clear that compliance with Rule 9 must be strict; substantial compliance will not suffice. *Johnson v. Dawson*, 2010 Ark. 308, at 8, 365 S.W.3d 913, 917. *Cf. Morgan v. Turner*, 2010 Ark. 245, at 7, 368 S.W.3d 888, 893 (holding that failure to serve the notice of appeal by a form of mail requiring a signed receipt, pursuant to Ark. R. App. P.–Civ. 3(f), is not fatal to appeal[5]). Where a party fails to perfect an appeal from an inferior tribunal to a circuit court in the time and manner provided by law, the circuit court never acquires jurisdiction of the appeal. *Id*. In *Johnson*, *supra*, our supreme court held that by not filing a certified copy of the docket sheet from the district court proceedings, and instead filing a certified copy of the entire appeal transcript, Dawson failed to perfect his appeal.

Given that compliance with Rule 9 must be strict, we agree with the circuit court's interpretation of Rule 9. . . . Appellants failed to strictly comply with Rule 9 when they failed to serve notice of their appeal on counsel for the defendants.

*Id*. at 4–5.[6]

Despite the clear language in *Howard* requiring strict compliance with Rule 9(b), Motor Cars nonetheless suggests that subsequent supreme court decisions—namely, *Circle D Contractors, Inc. v. Bartlett*, 2013 Ark. 131, and *Taylor v. Biba*, 2014 Ark. 22—have abrogated or softened the court's stance on this issue. Again, we disagree.

In *Circle D Contractors*, *supra*, the supreme court concluded that only substantial compliance was required with respect to Rule 9(c), which requires the party who was the

---

[5]*Morgan v. Turner*, 2010 Ark. 245, 368 S.W.3d 888, was an appeal from circuit court to the supreme court; the interpretation or application of District Court Rule 9(b) was not at issue in that case.

[6]In a concurring opinion, Judge Gruber acknowledged the Howards' argument that the failure of service was not jurisdictional and their reliance on the comment in the Reporter's Notes that Rule 9(b) "echoes the requirements" of Appellate Rule 3(f). She commented that if Rule 9(b) "is to be an echo of the service requirements of Arkansas Rule of Appellate Procedure–Civil 3(f), then appellants' argument would seem reasonable *but for the fact that our courts have mandated strict compliance with Rule 9. The same cannot be said for Ark. R. App. P.–Civ. 3(f).*" *Howard*, 2012 Ark. App. 567, at 6 (Gruber, J., concurring) (emphasis added).

SLIP OPINION

plaintiff in district court to re-file a copy of the complaint in circuit court once an appeal is perfected. There, however, the supreme court distinguished Rule 9(c) as being a procedural requirement, not a jurisdictional one. The court also noted that strict compliance with Rule 9(b) was still required. *Circle D Contractors*, 2013 Ark. 131, at 2.

In *Taylor*, *supra*, the only question was whether the appellant had merely to file a certified copy of the docket sheet or had to ensure that the docket sheet contained an entry for every pleading. The supreme court held that "[t]he filing of the certified docket sheet is the definitive act that must be strictly performed to place jurisdiction in the circuit court." *Id.* at 5. The question of the means and manner of service on the opposing party, however, was never raised as an issue in that case. We therefore do not read *Taylor* as relaxing the strict–compliance standard with respect to the service requirements of Rule 9(b).

Rather, we conclude that *Howard* is controlling on the issues raised in the instant case and that strict compliance with all parts of Rule 9(b)—including the provisions that specify the manner in which the docket sheet must be served on the opposing party—is required before a circuit court can acquire jurisdiction over an appeal from district court. Failure to strictly comply with any portion of the rule will cause an appeal to not be perfected. While this does lead to harsh results on occasion, *see Johnson*, 2010 Ark. 308, at 11–12, 365 S.W.3d at 919 (Brown, J., concurring), it is nonetheless the duty of counsel to perfect an appeal, *id.* at 10, 365 S.W.3d at 918, and to be aware of the rules of procedure.

Accordingly, because it is undisputed that Motor Cars failed to serve a certified copy of the docket sheet on Chronister's attorney by "any form of mail that requires a signed

7

receipt," Motor Cars failed to strictly comply with the requirements of Rule 9(b). It therefore failed to perfect its appeal, and the circuit court thus did not err in granting Chronister's motion to dismiss for lack of jurisdiction. Because the circuit court lacked jurisdiction, this court lacks it as well, and the appeal must be dismissed. *Duffy v. Little*, 2011 Ark. 160, at 4. Moreover, because we lack jurisdiction, we do not address the additional arguments raised in Motor Cars's brief.

Appeal dismissed.

GLADWIN, C.J., and PITTMAN, J., agree.

*Brad Hendricks Law Firm*, by: *Lloyd W. Kitchens*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellant.

*The Streett Law Firm, P.A.*, by: *Alex G. Streett*, *James A. Streett*, and *Robert M. Veach*, for appellee.