SLIP OPINION

Cite as 2016 Ark. App. 494

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–16–70

STEPHANIE SIKORA

APPELLANT

V.

SHALON BOGARD AND PAULETTE EVERETT

APPELLEES

Opinion Delivered: October 26, 2016

APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION
[NO. 60CV-15-4141]

HONORABLE TIMOTHY DAVIS FOX, JUDGE

AFFIRMED; MOTIONS MOOT

## BART F. VIRDEN, Judge

Appellees Shalon Bogard and Paulette (or Paula) Everett filed an action against appellant Stephanie Sikora in the civil division of the Pulaski County District Court to regain possession of their dog "Iggy." The district court entered judgment for appellees, and Sikora appealed to the Pulaski County Circuit Court. The circuit court dismissed the appeal after expressing doubt that the appeal had been perfected pursuant to Arkansas District Court Rule 9. On appeal to this court, Sikora argues that the circuit court erred by dismissing her appeal and denying her motions for a continuance. We affirm the circuit court's dismissal because Sikora failed to strictly comply with Rule 9. [1]

---

[1] Appellees filed a "Motion to Advance and Affirm as a Delay Case," and Sikora moved to strike that motion or, alternatively, to order rebriefing. Both motions are moot.

I.       *Facts*

The record shows that on August 21, 2015, the district court entered judgment for appellees. Sikora sought to appeal that decision to the circuit court. On September 3, 2015, Sikora filed an affidavit attesting that the district court clerk had failed to prepare and provide a certified copy of the docket sheet. Sikora subsequently filed the district court's "Court Docket for August 21, 2015." The docket indicates that an action entitled "Shalon Bogard & Paula Everette v. Stephanie Sikora" was filed on February 19, 2015. Handwriting appears below the word "Judgment" and provides the following:

> Judgment for plaintiff[.] Order of delivery [of] dog ("Iggy" or "Elliott") granted[.] Transfer of dog from defendant to plaintiff shall be stayed pending appeal subject to defendant maintaining care, custody and control of dog during pendency of appeal and refraining from moving dog outside [the] jurisdiction of this Court[.]

II.       *Arkansas District Court Rule 9*

District Court Rule 9, which governs appeals to the circuit court, previously required a plaintiff to refile his or her complaint and plead all of his or her claims in the circuit court, but the rule was silent on the consequences of failing to replead. Ark. Dist. Ct. R. 9(c)(1). In *Circle D Contractors, Inc. v. Bartlett*, 2013 Ark. 131, our supreme court held that the requirement that a plaintiff refile the complaint in the circuit court was procedural, not jurisdictional; thus, only substantial compliance was required. Rule 9(b)(1) was amended in 2014 to address the lack of guidance on the repleading issue. The current version of Rule 9(b)(1) provides that

> a party may take an appeal from a district court by filing with the clerk of the circuit court having jurisdiction of the appeal (i) a certified copy of the district court's docket sheet, which shows the entry awarding judgment and all prior entries, or a certified copy of the record of the district court proceedings consisting of all documents and motions filed in the district court, *and* (ii) a certified copy of the complaint filed in

the district court, or, if filed in accordance with Rule 10 of these rules, a certified copy of the claim form filed in the small claims division of the district court.

Ark. Dist. Ct. R. 9(b)(1) (emphasis added).

> If the clerk of the district court does not prepare or certify a record for filing in the circuit court in a timely manner, a party may take an appeal by filing an affidavit in the office of the circuit clerk, within forty (40) days from the date of the entry of the judgment in the district court, showing (i) that the appealing party has requested the clerk of the district court to prepare and certify the record for purposes of appeal and (ii) that the clerk has not done so within thirty (30) days from the date of the entry of the judgment in district court.

Ark. Dist. Ct. R. 9(b)(2).

### III.    *Discussion*

Sikora relies on *Taylor v. Biba*, 2014 Ark. 22, for the proposition that Rule 9(b) required that she do only two things: obtain a certified copy of the docket sheet and file it in the circuit court. Sikora's reliance on *Taylor* is misplaced considering the subsequent amendment to Rule 9(b)(1), as discussed above.[2] Sikora further argues that Rule 9(b)(2) permits the filing of an affidavit to perfect her appeal. In her reply brief, Sikora claims that she simply used the incorrect term "docket sheet," instead of "record," in the affidavit. She cites *Velek v. City of Little Rock*, 364 Ark. 531, 222 S.W.3d 182 (2006), which recognized that requiring use of the exact words "the clerk refused to prepare and certify the record" would be to "exalt form over substance." *Id.* at 537, 222 S.W.3d at 187.

We need not discuss at length the adequacy of Sikora's request in the affidavit and her filing of the district court's docket for one particular day, as opposed to a docket sheet showing all entries prior to the judgment. There is no dispute that Sikora failed to file a

---

[2]*Taylor* was decided on January 23, 2014, and the amendment to Rule 9 took effect on July 1, 2014.

certified copy of the complaint or claim form from the district court pursuant to Rule 9(b)(1)(ii), which is a separate requirement from the filing of a certified copy of the district court's docket sheet or the record.

This court has held that strict compliance with Rule 9(b) is required before a circuit court can acquire jurisdiction over an appeal from the district court. *Motor Cars of Nashville, Inc. v. Chronister*, 2014 Ark. App. 430, 439 S.W.3d 101. It is the duty of counsel to perfect an appeal and to be aware of the rules of procedure. *Id*. Because Sikora failed to file a certified copy of the complaint or claim form from the district court, she failed to perfect her appeal, and the circuit court never acquired jurisdiction. The circuit court, therefore, properly dismissed the appeal. We need not address Sikora's alternative argument regarding service and her assertion that a continuance should have been granted.

Affirmed; motions moot.

HARRISON and BROWN, JJ., agree.

*The Lancaster Law Firm, PLLC*, by: *Clinton W. Lancaster*, for appellant.

*Steven R. Davis*, for appellees.