SLIP OPINION



# ARKANSAS COURT OF APPEALS

DIVISIONS I & IV
**No.** CV–16–70

|  |  |
|---|---|
| STEPHANIE SIKORA<br><br>APPELLANT<br><br>V.<br><br>SHALON BOGARD AND PAULETTE EVERETT<br><br>APPELLEES | **Opinion Delivered:** December 14, 2016<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION<br>[NO. 60CV-15-4141]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br>SUBSTITUTED OPINION ON GRANT OF PETITION FOR REHEARING; AFFIRMED; MOTIONS MOOT |

## BART F. VIRDEN, Judge

Appellees Shalon Bogard and Paulette (or Paula) Everett filed an action against appellant Stephanie Sikora in the civil division of the Pulaski County District Court to regain possession of their dog "Iggy." The district court entered judgment for appellees, and Sikora appealed to the Pulaski County Circuit Court. The circuit court dismissed the appeal after expressing doubt that the appeal had been perfected pursuant to Arkansas District Court Rule 9. On appeal to this court, Sikora argues that the circuit court erred by dismissing her appeal and denying her motions for a continuance. We affirm the circuit court's dismissal because Sikora failed to strictly comply with Rule 9. [1]

---

[1] Appellees filed a "Motion to Advance and Affirm as a Delay Case," and Sikora moved to strike that motion or, alternatively, to order rebriefing. Both motions are moot.

## I.     *Facts*

The record shows that on August 21, 2015, the district court entered judgment for appellees. Sikora sought to appeal that decision to the circuit court. On September 3, 2015, Sikora filed an affidavit attesting that the district court clerk had failed to prepare and provide a certified copy of the docket sheet. Sikora subsequently filed a copy of the district court's "Court Docket for August 21, 2015." The docket indicates that an action entitled "Shalon Bogard & Paula Everette v. Stephanie Sikora" was filed on February 19, 2015. Handwriting appears below the word "Judgment" and provides the following:

> Judgment for plaintiff[.] Order of delivery [of] dog ("Iggy" or "Elliott") granted[.] Transfer of dog from defendant to plaintiff shall be stayed pending appeal subject to defendant maintaining care, custody and control of dog during pendency of appeal and refraining from moving dog outside [the] jurisdiction of this Court[.]

## II.     *Arkansas District Court Rule 9*

District Court Rule 9, which governs appeals to the circuit court, previously required a plaintiff to refile his or her complaint and plead all of his or her claims in the circuit court, but the rule was silent on the consequences of failing to replead. Ark. Dist. Ct. R. 9(c)(1). In *Circle D Contractors, Inc. v. Bartlett*, 2013 Ark. 131, our supreme court held that the requirement that a plaintiff refile the complaint in the circuit court was procedural, not jurisdictional; thus, only substantial compliance was required. Rule 9(b)(1) was amended in 2014 to address the lack of guidance on the repleading issue. The current version of Rule 9(b)(1) provides that

> [a] party may take an appeal from a district court by filing with the clerk of the circuit court having jurisdiction of the appeal (i) a certified copy of the district court's docket sheet, which shows the entry awarding judgment and all prior entries, or a certified copy of the record of the district court proceedings consisting of all documents and motions filed in the district court, *and* (ii) a certified copy of the complaint filed in

the district court, or, if filed in accordance with Rule 10 of these rules, a certified copy of the claim form filed in the small claims division of the district court.

Ark. Dist. Ct. R. 9(b)(1) (emphasis added).

Rule 9(b)(2) provides that

[i]f the clerk of the district court does not prepare or certify a record for filing in the circuit court in a timely manner, a party may take an appeal by filing an affidavit in the office of the circuit clerk, within forty (40) days from the date of the entry of the judgment in the district court, showing (i) that the appealing party has requested the clerk of the district court to prepare and certify the record for purposes of appeal and (ii) that the clerk has not done so within thirty (30) days from the date of the entry of the judgment in district court.

Ark. Dist. Ct. R. 9(b)(2).

### III.    *Discussion*

Sikora contends that she perfected her appeal pursuant to Rule 9(b)(2) by filing an affidavit with the circuit clerk *and* pursuant to Rule 9(b)(1) when she subsequently filed a certified copy of the district court's docket sheet. She asserts that the trial court must have dismissed her case due to lack of service.[2] We do not reach the service issue because Sikora failed to perfect her appeal under either subsection of Rule 9.

Sikora argues that she perfected her appeal under Rule 9(b)(2) by filing an affidavit. Judgment was entered on August 21, 2015, and Sikora's counsel filed his affidavit on September 3, 2015. The affidavit provides

[t]hat I have asked the Clerk of the District Court to prepare a certified copy of the docket sheet and the Clerk has failed to provide me with the same. As such, the Clerk has refused or is unable to provide the district court docket sheet.

---

[2]Rule 9(b)(1)(D) provides that a failure to serve the documents required by Rule 9(b)(1) does not affect the validity of the appeal.

Rule 9(b)(2) specifically refers to the filing of a certified copy of *the record*, not a certified copy of the docket sheet. Sikora claims that she simply used the incorrect term and cites *Velek v. City of Little Rock*, 364 Ark. 531, 222 S.W.3d 182 (2006), for the proposition that requiring use of the exact words "the clerk refused to prepare and certify the record" would be to "exalt form over substance." *Id.* at 537, 222 S.W.3d at 187. Even if we accepted this argument, Sikora did not allow the clerk thirty days in which to prepare and certify the record. Sikora filed the affidavit only thirteen days after judgment had been entered.

Sikora further argues that she perfected her appeal by filing a certified copy of the district court's docket sheet pursuant to Rule 9(b)(1). Sikora relies on *Taylor v. Biba*, 2014 Ark. 22, for the proposition that Rule 9(b) requires that she do only two things: obtain a certified copy of the docket sheet and file it in the circuit court. Sikora's reliance on *Taylor* is misplaced considering the subsequent amendment to Rule 9(b)(1), as discussed above.[3] In any event, what Sikora filed was not a certified copy of the district court's docket sheet, as she contends—it was the court's docket for one particular day reflecting only the judgment but no prior entries. Moreover, there is no dispute that Sikora failed to file a certified copy of the complaint or claim form from the district court pursuant to Rule 9(b)(1)(ii), which is a separate requirement from the filing of a certified copy of the district court's docket sheet or the record.

This court has held that strict compliance with Rule 9(b) is required before a circuit court can acquire jurisdiction over an appeal from the district court. *Motor Cars of Nashville,*

---

[3]*Taylor* was decided on January 23, 2014, and the amendment to Rule 9 took effect on July 1, 2014.

*Inc. v. Chronister*, 2014 Ark. App. 430, 439 S.W.3d 101. It is the duty of counsel to perfect an appeal and to be aware of the rules of procedure. *Id.* Because Sikora complied with neither Rule 9(b)(1) nor (b)(2), she failed to perfect her appeal, and the circuit court never acquired jurisdiction. The circuit court, therefore, properly dismissed the appeal. We need not address Sikora's assertion that a continuance should have been granted.

Substituted opinion on grant of petition for rehearing; affirmed; motions moot.

HARRISON, GLOVER, HIXSON, HOOFMAN, and BROWN, JJ., agree.