Mike Murphy, Judge, concurring.
"Read the dadgum statute!" So implored the late Albert Matthew Francis ("Al") Witte to the first-year, section-four law-school students circa 1983-in more colorful language. Or, as he would tenderly apply it in this case, "Read the rules. Closely." "If we interpret our rules on a case-by-case basis, being swayed by the result of our interpretation, why then do we provide these things we call rules?" Jonesboro Healthcare Ctr., LLC v. Eaton-Moery Envtl. Servs., Inc. , 2011 Ark. 501, 385 S.W.3d 797 (Danielson, J., dissenting).
For years, first under District Court Rule 9, and now pursuant to Rule 36 of the Arkansas Rules of Criminal Procedure, an appeal to the circuit court has created a series of tripwires for the unwary practitioner, sometimes stranding experienced counsel in the no-man's land of "no jurisdiction." No jurisdiction, no appeal.
*736 Rule 36, like its predecessor in Rule 9, requires strict compliance, regardless of the best intentions in attempting to perfect the appeal from the district to the circuit court. See Johnson v. Dawson , 2010 Ark. 308, at 8, 365 S.W.3d 913, 917 ; Ingram v. City of Pine Bluff , 355 Ark. 129, 133 S.W.3d 382 (2003) ; Clark v. Pine Bluff Civil Serv. Comm'n , 353 Ark. 810, 120 S.W.3d 541 (2003) ; J & M Mobile Homes, Inc. v. Hampton , 347 Ark. 126, 60 S.W.3d 481 (2001) ; Baldwin v. State , 74 Ark. App. 69, 45 S.W.3d 412 (2001) (specifically rejecting a "substantial compliance" approach to Rule 9 appeals). Again, take note, "The takeaway from Rule 36 is that it expressly states that a defendant has the burden to ensure that his or her appeal from district court is timely made." Fletcher v. State , 2016 Ark. App. 215, at 5, 489 S.W.3d 726, 729.
Indeed, "shall" means shall:
The word "shall" appears at four critical points in the rule: the clerk shall be charged with the duty of preparing a record after the defendant files a written request, the defendant shall serve a copy of the written request on the district prosecutor, the defendant shall file that service with the district clerk, and the circuit court shall acquire jurisdiction after the filing of the record with its clerk.... [T]he word "shall" indicates mandatory compliance unless that interpretation leads to an absurdity. Because the written filing of a request for the record, the service of that request, and the filing of that service all serve to provide notice to the judicial district prosecutor and the district court, there can be no argument that the result of mandatory compliance with Rule 36 is absurd.
Jones v. State , 2018 Ark. App. 211, at 5.
A harsh result, on the other hand, is different from an argument of an "absurd" result. Failure to adhere to Rule 36 may well lead to a harsh result, but it does not mean it is absurd.
Likewise, in our recent decision in Treat v. State , 2019 Ark. App. 212, at 7-8, 574 S.W.3d 221, 225 we explained:
[W]e acknowledge that this strict-compliance approach can lead to harsh results. In Motor Cars of Nashville, Inc. v. Chronister , this court similarly acknowledged that failure to strictly comply with any portion of District Court Rule 9 "does lead to harsh results on occasion." 2014 Ark. App. 430, at 7, 439 S.W.3d 101, 105. But the court reasoned, "[I]t is nonetheless the duty of counsel to perfect an appeal and to be aware of the rules of procedure." Id. (internal citation omitted).
Today's case, like those discussed above, falls into the same category.