

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-15-772

| | |
|---|---|
| CORY DOUGLAS FLETCHER<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** April 20, 2016<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. 2013-2074-2]<br><br>HONORABLE BRAD KARREN, JUDGE<br><br>MOTION TO DISMISS GRANTED; APPEAL DISMISSED |

## BRANDON J. HARRISON, Judge

From an appellate-jurisdiction point of view, this case exemplifies the adage that no good deed goes unpunished. Cory Fletcher appeals the Benton County Circuit Court order that denied his request to find the Arkansas implied-consent law unconstitutional. We dismiss the appeal for lack of jurisdiction because the appeal from district court to circuit court was not timely made. That means this court, in turn, lacks jurisdiction to decide the merit of Fletcher's appeal.

I.

In September 2012, Fletcher received a citation for DWI, broken windshield/obstruction, and refusal to submit to a chemical test (violation of the implied-consent law). On 11 December 2013, the Bentonville District Court dismissed the DWI charge, and Fletcher pled guilty to refusal to submit to a chemical test. The obstructed-

view charge was nolle prossed. On 20 December 2013, Fletcher filed a notice of appeal in both the district court and the Benton County Circuit Court. On 24 February 2014—seventy-five days after the district court judgment had been entered—the district court record was filed with the Benton County Circuit Court.

At a hearing held in October 2014, Fletcher's counsel discussed the timeliness of the appeal from district court:

> The facts are that the transcript that would get the *de novo* appeal going was actually transmitted directly from the district court clerk to the circuit court clerk and it disappeared somewhere and had that not disappeared it would have been filed within the 30 days and the Court would have jurisdiction, which I think the Court does have jurisdiction.

The circuit court expressed doubt that it could "find jurisdiction" and stated that it thought "[the appeal] has to be filed within 30 days and that's it." The circuit court also noted that just because it's the district court clerk's practice to file the district court transcript with the circuit court, "it isn't incumbent upon them to get the appeal filed." The circuit court's statement was correct. Fletcher's counsel, however, insisted that "we're allowed to rely upon their declaration that has been done, and there's also a presumption, you know, stuff is mailed in the U.S. mails [sic] and it's delivered. I can brief that issue if you want." The court agreed to accept briefs.

In November 2014, Fletcher's counsel and the prosecutor filed a joint "Motion to Have De Novo Appeal Filing Validated." That motion stated the following:

> 3. The regular practice of the Bentonville District Clerk is that she prepares the proper transcript and mails it to the Benton County Circuit Clerk for filing. This was done on December 24, 2013. The mail was sent by pre-paid regular first class mail.

SLIP OPINION

4. The District Court transcript was not returned to the District Court by the post office.

5. The parties believe that the proper District Court transcript was properly mailed and delivered to the Benton County Circuit Court within the 30 days for filing for a de novo appeal. The parties believe that the paperwork was lost or mis-filed in the Benton County Circuit Clerk's office by accident.

6. The law presumes that first class mail is delivered unless returned to sender by the post office. The prosecution is unable to rebut that presumption.

Having made their joint argument, the parties asked the court to find that the district court transcript was filed properly and timely.

At a hearing held in April 2015, the circuit court was persuaded to change course and ruled that it had jurisdiction and that the appeal had been perfected. The court found that "any defects in the perfecting of that appeal have been waived and, of course, this court understands and knows that the normal process of how things were perfected in this jurisdiction, that's how it's done. The Court is going to find it to be perfected." Later, in a written order entered in June 2015, the court ruled thus:

1. The court finds that the de novo appeal filed from the Bentonville District Court to this court was timely and in conformity with all laws and rules related to de novo appeals. The court finds that the transcript of the lower court proceedings was mailed from the Bentonville District Court Clerk to the Benton County Circuit Court within the time limits for filing de novo appeals. The court finds that the Benton County Circuit Court Clerk received the transcript before the 30 days for filing expired. The court finds that it has jurisdiction of this appeal.

In this order, the circuit court also denied Fletcher's motion to have the implied-consent law declared unconstitutional, found him guilty of violating the implied-consent law, and sentenced him to pay a fine of $500. This appeal followed.

II.

The rules of criminal procedure decide the jurisdictional point at issue. Rule 36 of the Arkansas Rules of Criminal Procedure states that the time allowed for filing an appeal from district court to circuit court is thirty days from the date the judgment was entered in the district court. Ark. R. Crim. P. 36(b) (2014). The rule further states,

> (c) *How Taken.* An appeal from a district court to circuit court shall be taken by filing with the clerk of the circuit court a certified record of the proceedings in the district court. Neither a notice of appeal nor an order granting an appeal shall be required. The record of proceedings in the district court shall include, at a minimum, a copy of the district court docket sheet and any bond or other security filed by the defendant to guarantee the defendant's appearance before the circuit court. It shall be the duty of the clerk of the district court to prepare and certify such record when the defendant files a written request to that effect with the clerk of the district court and pays any fees of the district court authorized by law therefor. The defendant shall serve a copy of the written request on the prosecuting attorney for the judicial district and shall file a certificate of such service with the district court. The defendant shall have the responsibility of filing the certified record in the office of the circuit clerk. Except as otherwise provided in subsection (d) of this rule, the circuit court shall acquire jurisdiction of the appeal upon the filing of the certified record in the office of the circuit clerk.

> (d) *Failure of clerk to file record.* If the clerk of the district court does not prepare and certify a record for filing in the circuit court in a timely manner, the defendant may take an appeal by filing an affidavit in the office of the circuit clerk, within forty (40) days from the date of the entry of the judgment in the district court, showing (i) that the defendant has requested the clerk of the district court to prepare and certify the record for purposes of appeal and (ii) that the clerk has not done so within thirty (30) days from the date of the entry of the judgment in the district court. The defendant shall promptly serve a copy of such affidavit upon the clerk of the district court and upon the prosecuting attorney. The circuit court shall acquire jurisdiction of the appeal upon the filing of the affidavit. On motion of the defendant or the prosecuting attorney, the circuit court may order the clerk of the district court to prepare, certify, and file a record in the circuit court.

The takeaway from Rule 36 is that it expressly states that a defendant has the burden to ensure that his or her appeal from district court is timely made. *See Williams v. State*, 2009 Ark. App. 525, 334 S.W.3d 873. The thirty-day filing requirement of Rule 36 is strictly enforced and is jurisdictional in nature. *Frolos v. State*, 2010 Ark. App. 498.

There is apparently no question that the district court clerk was trying to be helpful during the appeal process. Nonetheless, the responsibility to ensure that an appeal is timely perfected from district court to circuit court cannot be shifted from the defendant to the clerk's office.

The State knew this to be so. That is why, in January 2016, it moved this court to dismiss Fletcher's appeal. In that motion, the State argues that the record of the district court proceedings was filed with the circuit court well outside the thirty days allowed by Rule 36(b), that the deadlines of Rule 36 are strictly enforced, and that no deference is owed to the circuit court's jurisdictional finding.

In response, Fletcher asserts, as he did below, that the district court clerk mailed the district court transcript to the circuit court clerk within thirty days. He argues that "[s]ince the transcript was not even due until January of 2014, and the mail was never returned to the district court, it is reasonable to believe that the mail was delivered to the circuit court within the 30 day time limit to file the transcript in the circuit court." He also contends that the circuit court's finding of jurisdiction was an issue of fact and that the State does not attempt to show that the circuit court's factual finding was wrong.

In support, Fletcher cites *Hoelzeman v. State*, 241 Ark. 213, 406 S.W.2d 883 (1966), a case where the Arkansas Supreme Court reversed a circuit court's dismissal of an

appeal from the justice of the peace court because the necessary transcript was not filed with the circuit court within thirty days. There, the appellant "made repeated requests of the Justice of the Peace to prepare and file the transcript perfecting his appeal to the circuit court and, in reply to each such request, the Justice of the Peace advised appellant that he would do so in time to protect the interest of appellant as to his appeal." *Id.* at 215, 406 S.W.2d at 884. Importantly, the statutory language in effect at that time made clear that "the clerk of the court or the justice of the peace of the court from which the appeal is taken must file the transcript of the judgment in the office of the circuit court clerk within thirty (30) days." *Id.* at 217, 406 S.W.2d at 885 (quoting Ark. Stat. Ann. 26-1307, Vol. 1 (Repl. 1962)). After noting the appellant's diligence and the applicable statutory language, the supreme court held that the appellant could not control the actions of the justice of the peace and that "it would abort the ends of justice to deny appellant de novo review in the circuit court." *Id.* at 219, 406 S.W.2d at 886.

*Hoelzeman* doesn't apply here because Rule 36 clearly states that Fletcher, as the defendant, had to ensure that his appeal from district court was perfected in a timely manner. *See Williams*, *supra*. But it wasn't; Fletcher's appeal from district court was filed forty-five days late. Unfortunately, no well-intentioned circuit court decision or courteous district clerk practice can circumvent Rule 36's plain terms, so we must dismiss this appeal for lack of jurisdiction.

Motion to dismiss granted; appeal dismissed.

VIRDEN and KINARD, JJ., agree.

*Norwood & Norwood, P.A.*, by: *Doug Norwood* and *Alison Lee*, for appellant.
*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.