
# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-16-645

| | |
|---|---|
| | **Opinion Delivered** January 25, 2017 |
| JOSHUA JAMES BARKER | APPEAL FROM THE WASHINGTON |
| APPELLANT | COUNTY CIRCUIT COURT |
| | [NO. 72CR-15-2482] |
| V. | |
| | HONORABLE MARK LINDSAY, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## MIKE MURPHY, Judge

Appellant Joshua Barker was convicted of driving while intoxicated in the Prairie Grove District Court on November 17, 2015. A notice of appeal from this disposition was filed with the Washington County Circuit Court on November 25, 2015. No certified copy of the district court record was ever filed with the circuit clerk. On appeal, Mr. Barker contends that the circuit court erred in dismissing his appeal for lack of jurisdiction. We find no error, and affirm.

A bench trial was held on February 18, 2016, in the Washington County Circuit Court where the circuit court questioned its jurisdiction to hear the case because the file did not contain the record from the district court. Mr. Barker's counsel informed the court that the record was filed with the notice of appeal, and the court recessed to allow counsel to confer with the circuit clerk's office in an attempt to locate it. Counsel was unable to do

so, and the circuit court dismissed Mr. Barker's case, citing its lack of jurisdiction under Arkansas Rule of Criminal Procedure 36(c) because the record was not timely filed.

On appeal, Mr. Barker argues that his appeal to the circuit court should not have been dismissed because (1) he was under the impression that his appeal was perfected and (2) the Arkansas Rules of Criminal Procedure and corresponding caselaw do not provide for what Mr. Barker should have done to meet his burden to perfect his appeal.

Criminal appeals from district courts to circuit courts are governed by Rule 36 of the Arkansas Rules of Criminal Procedure. It provides that the time allowed for filing an appeal from district court to circuit court is thirty days from the date the judgment was entered in the district court. Ark. R. Crim. P. 36(b). The rule further provides, in pertinent part, as follows:

> (c) How Taken. An appeal from a district court to circuit court shall be taken by filing with the clerk of the circuit court a certified record of the proceedings in the district court. Neither a notice of appeal nor an order granting an appeal shall be required. The record of proceedings in the district court shall include, at a minimum, a copy of the district court docket sheet and any bond or other security filed by the defendant to guarantee the defendant's appearance before the circuit court. It shall be the duty of the clerk of the district court to prepare and certify such record when the defendant files a written request to that effect with the clerk of the district court and pays any fees of the district court authorized by law therefor. The defendant shall serve a copy of the written request on the prosecuting attorney for the judicial district and shall file a certificate of such service with the district court. The defendant shall have the responsibility of filing the certified record in the office of the circuit clerk. Except as otherwise provided in subsection (d) of this rule, the circuit court shall acquire jurisdiction of the appeal upon the filing of the certified record in the office of the circuit clerk.

Per Mr. Barker's counsel, it is the common practice of the Prairie Grove District Court clerk to send all of the proper documents to the Washington County Circuit Court Clerk's Office when a notice of appeal has been filed, and he assumed the clerk would do

the same in his case. Citing *Hoelzeman v. State*, he argues that there is an implied promise that the district court clerk would send the appropriate paperwork. 241 Ark. 213, 406 S.W.2d 883 (1966). *Hoelzeman*, however, is inapplicable.

In *Hoelzeman*, our supreme court reversed a circuit court's dismissal of an appeal from a justice-of-the-peace court because the necessary transcript had not been filed with the circuit court within thirty days. *Id*. At the time *Hoelzeman* was decided, it was the responsibility of "the clerk of the court or the justice of the peace of the court from which the appeal [was] taken" to timely file the appropriate documents with the circuit clerk's office. *Id*. at 217, 406 S.W.2d at 885 (quoting Ark. Stat. Ann. § 26-1307 (Repl. 1962)).

Here, Rule 36 expressly states that a defendant has the burden to ensure that his or her appeal from the district court is timely made, and the responsibility to ensure that an appeal is timely perfected from the district court to the circuit court cannot be shifted from the defendant to the clerk's office. *See also Fletcher v. State*, 2016 Ark. App. 215, at 5, 489 S.W.3d 726, 729.

Mr. Barker further asserts that there is no guidance within our Arkansas Rules of Criminal Procedure or current caselaw for what he could have done to perfect his appeal. Rule 36(d), however, adequately addresses this point.

> Failure of Clerk to File Record. If the clerk of the district court does not prepare and certify a record for filing in the circuit court in a timely manner, the defendant may take an appeal by filing an affidavit in the office of the circuit clerk, within forty (40) days from the date of the entry of the judgment in the district court, showing (i) that the defendant has requested the clerk of the district court to prepare and certify the record for purposes of appeal and (ii) that the clerk has not done so within thirty (30) days from the date of the entry of the judgment in the district court. The defendant shall promptly serve a copy of such affidavit upon the clerk of the district court and upon the prosecuting attorney. The circuit court shall acquire jurisdiction of the appeal upon the filing of the affidavit. On motion of the defendant or the prosecuting

attorney, the circuit court may order the clerk of the district court to prepare, certify, and file a record in the circuit court.

Ark. R. Crim. P. 36(d).

It is evident that Mr. Barker assumed the district court clerk would send the record to the circuit clerk and he did not follow up to see if it had actually been sent or filed. Had he done so, he would have been able to avail himself of the relief found in Rule 36(d).

Because Mr. Barker did not timely perfect his appeal from the district court, the circuit court properly concluded that it lacked jurisdiction to hear the case on appeal.

Affirmed.

ABRAMSON and GLOVER, JJ., agree.

*Showalter & Associates, P.A.*, by: *H. Brock Showalter*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.