Cite as 2019 Ark. App. 323

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-18-756

RUSTY LEE LATHAM

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered:** June 5, 2019

APPEAL FROM THE MILLER COUNTY CIRCUIT COURT
[NO. 46CR-17-602]

HONORABLE BRENT HALTOM, JUDGE

CIRCUIT COURT'S JUDGMENT REVERSED AND VACATED; DISTRICT COURT'S JUDGMENTS REINSTATED

## BART F. VIRDEN, Judge

Appellant Rusty Lee Latham pleaded guilty in the Miller County District Court to driving while intoxicated (DWI) and refusal to submit to a chemical test. He then appealed those judgments to the Miller County Circuit Court where a jury found him guilty of both offenses. He argues on appeal to this court that the circuit court erred in denying his directed-verdict motion and in denying his motion for judgment notwithstanding the verdict (JNOV). We do not reach the merits of Latham's arguments because the circuit court did not acquire jurisdiction due to Latham's failure to perfect his appeal from district court. Accordingly, we reverse and vacate the circuit court's judgment, and we reinstate the district court's judgments of conviction.

## I. *Procedural History*

Latham was charged with DWI and refusal to submit to a chemical test, to which he pleaded guilty on November 13, 2016. The district court's docket sheets in the record indicate that bench trials were held on August 25, 2017. They also indicate that the district court found Latham guilty of each offense and entered orders to that effect.[1] On September 18, the district court judge signed a separate judgment with respect to both offenses, but it is not file marked and is not reflected on either of the district court's docket sheets. There are no entries on the docket sheets after August 25.

On September 19, 2017, Latham filed in the circuit court a notice of appeal, an affidavit of appeal, and an appeal bond. The circuit court's docket sheet reflects that Latham filed the "appeal" and paid $150. The circuit court accepted jurisdiction.

Latham was tried before a Miller County jury on May 4, 2018, and he was found guilty of both offenses. A sentencing order was entered May 22.[2]

Before entry of the sentencing order, Latham moved on May 16, 2018, for a JNOV asserting that his convictions should be reversed and dismissed because the arresting officer was not legally certified to be a Miller County deputy sheriff. A hearing was held on

---

[1]With respect to case number DWI–16–105, Latham was sentenced to one day in jail with credit for one day; he was placed on probation for one year (with probation fees assessed); he was ordered to pay a fine, costs, and fees totaling $1,240; and he was ordered to complete Level I DWI Education. With respect to case number TR–16–2706 (refusal to submit or violation of the implied-consent law), Latham was placed on probation for one year (with probation fees assessed) and ordered to pay a fine, fees, and costs totaling $125.

[2]With respect to the DWI conviction, Latham was sentenced to thirty days in jail and ordered to pay a fine of $1,000. He was ordered to pay a fine of $125 for the refusal–to–submit conviction.

Latham's JNOV motion on June 8, and the circuit court entered a five-page order denying Latham's motion on June 12. On June 21, 2018, Latham filed a notice of appeal to this court "from the judgment and sentence herein entered on May 22, 2018."

## II. *Appeals from District Court to Circuit Court*

Arkansas Rule of Criminal Procedure 36(a) provides that a person convicted of a criminal offense in a district court, including a person convicted upon a plea of guilty, may appeal the judgment of conviction to the circuit court for the judicial district in which the conviction occurred. An appeal from the district court to the circuit court shall be filed in the office of the clerk of the circuit court having jurisdiction of the appeal within thirty days from the date of the entry of the judgment in the district court. Ark. R. Crim. P. 36(b). Rule 36(c) provides the following:

> An appeal from a district court to a circuit court shall be taken by filing with the clerk of the circuit court a certified record of the proceedings in the district court. Neither a notice of appeal nor an order granting an appeal shall be required. The record of proceedings in the district court shall include, at a minimum, a copy of the district court docket sheet and any bond or other security filed by the defendant to guarantee the defendant's appearance before the circuit court. It shall be the duty of the clerk of the district court to prepare and certify such record when the defendant files a written request to that effect with the clerk of the district court and pays any fees of the district court authorized by law therefor. The defendant shall serve a copy of the written request on the prosecuting attorney for the judicial district and shall file a certificate of such service with the district court. The defendant shall have the responsibility of filing the certified record in the office of the circuit clerk. Except as otherwise provided in subsection (d) of this rule, the circuit court shall acquire jurisdiction of the appeal upon the filing of the certified record in the office of the circuit clerk.

## III. *Jurisdiction*

Although neither party on appeal raised the issue, we are obligated to raise jurisdictional issues, such as the perfection of an appeal, sua sponte. *See Ellis v. Ark. State*

*Highway Comm'n*, 2010 Ark. 196, 363 S.W.3d 321 (noting that the timely filing of a notice of appeal is a jurisdictional issue that an appellate court must raise sua sponte). If the circuit court lacked jurisdiction, this court is likewise without jurisdiction to hear an appeal on the merits. *See Roberson v. State*, 2010 Ark. 433. In order for the circuit court to have acquired jurisdiction, a defendant must have perfected his or her appeal from district court. In interpreting District Court Rule 9, the predecessor to Arkansas Rule of Criminal Procedure 36, our supreme court has held that the district court's rules are mandatory and jurisdictional and that the failure to comply with those rules mandates dismissal of an appeal. *Velek v. State (City of Little Rock)*, 364 Ark. 531, 222 S.W.3d 185 (2006). This court has held that the principle remains the same for Rule 36. *Jones v. State*, 2018 Ark. App. 211.

Rule 36(c) provides that it shall be the duty of the clerk of the district court to prepare and certify such record when the defendant files a written request to that effect with the clerk of the district court and pays any fees of the district court authorized by law therefor. There is no indication in the record that Latham filed a written request to the district court clerk to prepare and certify the record or that he paid any fees for the preparation of the certified record. Rule 36(c) also provides that the defendant shall serve a copy of the written request on the prosecuting attorney for the judicial district and shall file a certificate of such service with the district court. There is no indication that Latham served the written request for the record on the prosecuting attorney or that he filed a certificate of such service with the district court. Rule 36(c) further provides that the defendant shall have the responsibility of filing the certified record in the office of the circuit clerk. The circuit court's docket sheet indicates that Latham filed an "appeal," but it is unclear whether that was the notice of

appeal file marked September 19, 2017, which was unnecessary, or whether it was the certified record from the district court, which was required.

In *Jones v. State, supra*, Jones failed to file a written request with the district court clerk to prepare and certify the record; he failed to serve a copy of that request on the prosecuting attorney; and he failed to file a certificate of service with the district court. The circuit court dismissed Jones's appeal from the district court because he failed to comply with Rule 36(c). This court affirmed the dismissal. *See also Dover v. State*, 2019 Ark. App. 260 (reversing and dismissing where the circuit court entered orders and scheduled a jury trial but had not acquired jurisdiction because of Dover's failure to perfect his appeal); *Treat v. State*, 2019 Ark. App. 212, 574 S.W.3d 221 (dismissing Treat's appeal and holding that the circuit court did not err in finding that it lacked jurisdiction due to Treat's failure to pay the required fee of $5.00 for the district court clerk's preparation of a certified record); *Fewell v. State*, 2014 Ark. App. 631 (affirming the circuit court's dismissal of Fewell's appeal because of his failure to comply with Rule 36(c)).

Latham had the burden to ensure that his appeal from the district court to the circuit court was perfected. *Barker v. State*, 2017 Ark. App. 43, 510 S.W.3d 284. Because of Latham's failure to comply with the mandatory rules, the circuit court did not acquire jurisdiction of the appeal. Accordingly, we reverse and vacate the circuit court's judgment without reaching the merits of Latham's arguments to this court. While we, of course, have the power to determine our jurisdiction, we lack jurisdiction to determine the merits of this

case.[3] The end result of this disposition is the reinstatement of the district court's judgments of conviction.

Circuit court's judgment reversed and vacated; district court's judgments reinstated.

BROWN, J., agrees.

MURPHY, J., concurs.

**MIKE MURPHY, Judge, concurring**. "Read the dadgum statute!" So implored the late Albert Matthew Francis ("Al") Witte to the first-year, section-four law-school students circa 1983—in more colorful language. Or, as he would tenderly apply it in this case, "Read the rules. Closely." "If we interpret our rules on a case-by-case basis, being swayed by the result of our interpretation, why then do we provide these things we call rules?" *Jonesboro Healthcare Ctr., LLC v. Eaton-Moery Envtl. Servs., Inc.*, 2011 Ark. 501, 385 S.W.3d 797 (Danielson, J., dissenting).

For years, first under District Court Rule 9, and now pursuant to Rule 36 of the Arkansas Rules of Criminal Procedure, an appeal to the circuit court has created a series of tripwires for the unwary practitioner, sometimes stranding experienced counsel in the no-man's land of "no jurisdiction." No jurisdiction, no appeal.

Rule 36, like its predecessor in Rule 9, requires strict compliance, regardless of the best intentions in attempting to perfect the appeal from the district to the circuit court. *See Johnson v. Dawson*, 2010 Ark. 308, at 8, 365 S.W.3d 913, 917; *Ingram v. City of Pine Bluff,*

---

[3] *See State v. Herndon*, 365 Ark. 185, 188 n.3, 226 S.W.3d 771, 774 n.1 (2006) (noting a distinction between "jurisdiction to determine jurisdiction" and "jurisdiction to hear the merits of the case"); *Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989) (emphasizing that a court always has the power and duty to determine whether jurisdiction exists).

355 Ark. 129, 133 S.W.3d 382 (2003); *Clark v. Pine Bluff Civil Serv. Comm'n*, 353 Ark. 810, 120 S.W.3d 541 (2003); *J & M Mobile Homes, Inc. v. Hampton*, 347 Ark. 126, 60 S.W.3d 481 (2001); *Baldwin v. State*, 74 Ark. App. 69, 45 S.W.3d 412 (2001) (specifically rejecting a "substantial compliance" approach to Rule 9 appeals). Again, take note, "The takeaway from Rule 36 is that it expressly states that a defendant has the burden to ensure that his or her appeal from district court is timely made." *Fletcher v. State*, 2016 Ark. App. 215, at 5, 489 S.W.3d 726, 729.

> Indeed, "shall" means shall:
>
> The word "shall" appears at four critical points in the rule: the clerk shall be charged with the duty of preparing a record after the defendant files a written request, the defendant shall serve a copy of the written request on the district prosecutor, the defendant shall file that service with the district clerk, and the circuit court shall acquire jurisdiction after the filing of the record with its clerk. . . . [T]he word "shall" indicates mandatory compliance unless that interpretation leads to an absurdity. Because the written filing of a request for the record, the service of that request, and the filing of that service all serve to provide notice to the judicial district prosecutor and the district court, there can be no argument that the result of mandatory compliance with Rule 36 is absurd.

*Jones v. State*, 2018 Ark. App. 211, at 5.

A harsh result, on the other hand, is different from an argument of an "absurd" result. Failure to adhere to Rule 36 may well lead to a harsh result, but it does not mean it is absurd.

Likewise, in our recent decision in *Treat*, 2019 Ark. App. 212, at 7–8, 574 S.W.3d at 225, we explained:

> [W]e acknowledge that this strict-compliance approach can lead to harsh results. In *Motor Cars of Nashville, Inc. v. Chronister*, this court similarly acknowledged that failure to strictly comply with any portion of District Court Rule 9 "does lead to harsh results on occasion." 2014 Ark. App. 430, at 7, 439 S.W.3d 101, 105. But the

7

court reasoned, "[I]t is nonetheless the duty of counsel to perfect an appeal and to be aware of the rules of procedure." *Id.* (internal citation omitted).

Today's case, like those discussed above, falls into the same category.

*Carolyn Lee Whitefield*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.