*REPLACED BY SUBSTITUTED OPINION: 2020 ARK. APP. 162

Cite as 2019 Ark. App. 457

# ARKANSAS COURT OF APPEALS

DIVISION III

No. CR-18-1021

| | |
|---|---|
| JESSE W. PETTRY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** October 16, 2019<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. 72CR-18-1113]<br><br>HONORABLE MARK LINDSAY, JUDGE<br><br>MOTION TO DISMISS GRANTED; CIRCUIT COURT JUDGMENT VACATED; DISTRICT COURT JUDGMENT REINSTATED<br><br>APPEAL DISMISSED FOR LACK OF JURISDICTION |

**MEREDITH B. SWITZER, Judge**

Jesse Pettry was tried by the Washington County Circuit Court and found guilty of the offense of carrying a weapon in violation of Arkansas Code Annotated section 5-73-120 (Repl. 2016). He filed his notice of appeal with this court and challenges the sufficiency of the evidence supporting that conviction. After briefing was completed, however, the State filed a motion to dismiss the appeal for lack of jurisdiction. The State contends our court cannot reach the merits of Pettry's argument because he failed to perfect his appeal from district court to circuit court. Without a perfected appeal, the circuit court was without jurisdiction to try the case, leaving this court with no jurisdiction to hear the appeal. We

agree and grant the State's motion to dismiss for lack of jurisdiction, vacate the circuit court's judgment, and reinstate the district court's judgment of conviction.

Rule 36(c) of the Arkansas Rules of Criminal Procedure provides:

> *(c) How Taken.* An appeal from a district court to circuit court shall be taken by filing with the clerk of the circuit court a certified record of the proceedings in the district court. Neither a notice of appeal nor an order granting an appeal shall be required. The record of proceedings in the district court shall include, at a minimum, a copy of the district court docket sheet and any bond or other security filed by the defendant to guarantee the defendant's appearance before the circuit court. It shall be the duty of the clerk of the district court to prepare and certify such record *when the defendant files a written request to that effect with the clerk of the district court and pays any fees of the district court authorized by law therefor. The defendant shall serve a copy of the written request on the prosecuting attorney for the judicial district and shall file a certificate of such service with the district court.* The defendant shall have the responsibility of filing the certified record in the office of the circuit clerk. Except as otherwise provided in subsection (d) of this rule, the circuit court shall acquire jurisdiction of the appeal upon the filing of the certified record in the office of the circuit clerk.

(Emphasis added.) It is the appellant's burden to ensure that his or her appeal from the district court to the circuit court is perfected. *Latham v. State*, 2019 Ark. App. 323, 578 S.W.3d 732.

Under the emphasized portions of Rule 36(c), Pettry needed to (1) file with the district-court clerk a written request for the clerk to prepare and certify the record of the district-court proceedings; (2) pay any authorized fees; (3) serve a copy of the written request on the prosecuting attorney; and (4) file a certificate of such service with the district court. The record does not demonstrate that Pettry strictly complied with these requirements. The record contains a notice of appeal (which is not required by Rule 36) styled in the district court. The notice of appeal *reports* that a request to prepare the record had been made and paid for, and it contains a certificate of service to the prosecutor and to the district court. However, the record request itself is not part of the record, so we cannot determine whether

2

it was filed in district court, as required by Rule 36(c).  Even the notice of appeal *reporting* that the request was made and paid for is file-marked only in circuit court; there is no file-mark for district court.  In addition, the certified copy of the district-court docket contains no notation that an appeal request or certificate of service was "filed" in district court.

While these failures may seem excusable in nature, our case law supports the conclusion that they are nevertheless fatal.  "Failure to strictly comply with Rule 36 deprives both the circuit court and the appellate court of jurisdiction."  *Dover v. State*, 2019 Ark. App. 260, at 3 (citing *Treat v. State*, 2019 Ark. App. 212, 574 S.W.3d 221; *Jones v. State*, 2018 Ark. App. 211).  Our court has acknowledged that "this strict-compliance approach can lead to harsh results," reasoning that "it is nonetheless the duty of counsel to perfect an appeal and to be aware of the rules of procedure."  *Treat*, 2019 Ark. App. 212, at 7-8, 574 S.W.3d at 225.

Moreover, as our court explained in *Latham*, 2019 Ark. App. 323, 578 S.W.3d 732, we are obligated to raise jurisdictional issues, such as the perfection of an appeal, sua sponte.  Thus, the fact that the State raised the issue after the case had been fully briefed is of no consequence because we are obligated to raise it on our own motion.  If the circuit court lacked jurisdiction, our court is without jurisdiction to hear an appeal on the merits.  *Id*.  Even under Rule 9, the predecessor to Rule 36, our supreme court held that the district court's rules are mandatory and jurisdictional and that the failure to comply with those rules mandates dismissal of an appeal.  *Id*. at 6–7 (Murphy, J., concurring).  Our court has held that the same principle applies to Rule 36.  *Id*.

3

We therefore grant the State's motion to dismiss for lack of jurisdiction, vacate the circuit court's judgment, and reinstate the district court's judgment of conviction.

Appeal dismissed for lack of jurisdiction.

VIRDEN and VAUGHT, JJ., agree.

*Peter E. Giardino*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.